## William J. Garvy, Appellee, v. The National Foundry Company, Appellant.

### Gen. No. 15,400.

ABATEMENT—*what former suit pending.* In an action for rent ensuing a distress a plea of former suit pending is established by proof of a judgment entered by confession for the same cause of action (opened up to allow pleading, the judgment standing as security), the proceeding being still pending.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed May 5, 1911.

ANDERSON & ANDERSON, for appellant.

A. S. LAKEY, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Appellee (plaintiff below) procured from the Circuit Court a distress warrant to recover $450, for rent claimed to be due upon certain premises for the months of March, April and May, 1908. The property

seized under the warrant was subsequently released upon bond, whereupon appellant filed a plea in abatement in this distress warrant proceeding, averring that when this proceeding was begun there was pending in the Superior Court of Cook county a prior suit between the same parties, for rent of the same premises, and for the same period—March, April and May, 1908. To this plea appellee filed replication denying that there was such other suit pending.

The alleged prior suit was an action in *assumpsit* wherein judgment upon a *cognovit* had been entered by confession on May 14, 1908; eight days thereafter, upon motion of defendant, the court entered an order allowing the defendant to plead within five days, the judgment to stand as security; within said five days defendant did file its plea of general issue, and of set-off, and no trial of said prior suit has ever been had.

This case was tried without a jury, and at the hearing the court struck out all testimony in regard to the former case, upon the ground that it constituted a variance between the plea and the proof. Thereupon appellant asked leave to plead to the merits. This the court refused, and entered judgment for $450.

Appellant contends here that the court below erred first, in striking out the evidence as to the former action; and second, in refusing to allow the appellant to plead to the merits.

The action of the court in striking out the evidence concerning the suit was evidently based upon the opinion of the court that the former suit was not a pending action, and was determined and ended by the judgment. In this we think the court erred.

The former case was then pending and undetermined upon the pleas filed by leave of court. Under these pleas both parties had the right to introduce testimony, and there could be no final judgment in the case entered until the issues raised by them were disposed of.

Appellee contends here that the plea for a prior suit was not a good plea in any event, because plaintiff could pursue both the remedies concurrently.

It is sufficient to say that he filed a replication denying the facts alleged in the plea, and did not raise the question of its sufficiency in law, as he might have done.

For the error pointed out, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*